IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO HUDSON,

    Petitioner,                      No. CIV S-08-1302 GGH P

    vs.

JAMES A. YATES, Warden,

    Respondent.                  ORDER

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pending before the court is respondent's motion to dismiss, filed on 7/24/08, to which petitioner has filed an opposition, after which respondent filed a reply.

Petition

        The instant petition was filed by an order of transfer from the Fresno Division of the Eastern District in this court on 6/10/08 (docket # 3); the petition is file-stamped as filed on

\\\\\

\\\\\

---

[1] Pursuant to the consent of the parties, this matter proceeds under the jurisdiction of the undersigned. See 28 U.S.C. § 636(c); see also, Order, filed on 10/08/08 (docket # 24).

1

6/06/08, however, by application of the mailbox rule,[2] the petition is deemed as filed on 5/28/08. Petitioner challenges an Amador County Superior Court conviction for which he claims to have been sentenced, on 10/04/01, to a six-year state prison term. Petition, p. 1.[3] Petitioner states that he was charged with damaging a prison or jail in amount in excess of $400.00 and for battery on a non-confined person, but he pled guilty to destruction of prison property, pursuant to Cal. Penal Code § 4600(a), and the battery count was stayed. Id. Petitioner alleges the following grounds for his challenge: 1) involuntary plea; 2) prosecution's failure to disclose evidence (Brady violation)[4]; 3) violation of his Fifth Amendment right against self-incrimination; 4) ineffective assistance of counsel.[5] Id., at 4-14.

Motion to Dismiss

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. Respondent moves for dismissal on the ground that the petition is barred by the one-year AEDPA statute of limitations. Motion to Dismiss (MTD), pp. 1-5. AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] See Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

[3] Although petitioner actually states on the petition form that he was sentenced to ten years, respondent submits documentation (see below) showing that petitioner was sentenced to a six-year term, which is the term petitioner acknowledges in his opposition. See Opposition (Opp.), p. 1.

[4] Petitioner evidently intends to make a claim under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), that the prosecution withheld material exculpatory evidence.

[5] Petitioner's purported fifth ground relates to ground 1 and is encompassed within it.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Following petitioner's guilty plea, on 7/25/01, to damaging a prison or jail with special allegations, petitioner was sentenced, on 10/04/01, to a six-year determinate state prison term. MTD, p. 1; respondent's Lodged Document (Lod. Doc.) 1. Although petitioner attempted to appeal his sentence, he later requested dismissal of the appeal, and the state court of appeal thereafter dismissed the appeal, on 3/11/02. MTD, pp. 1-3, Lod. Docs. 2 & 3. Under Cal. Rules of Court, rule 8.264(b)(2)(B),[6] "[t]he dismissal of an appeal on request or stipulation" is "final in that court on filing...." Pursuant to Cal. Rules of Court, rule 8.500(a),[7] petitioner would have been permitted to file a petition for review in the state supreme court "of any decision of the Court of Appeal....," and, under rule 8.500(e)(1), was allowed to do so "within 10 days after the Court of Appeal decision is final in that court ...."

As petitioner evidently did not seek review in the state supreme court (MTD, p.3), the time for filing a petition for review expired ten days later, on 3/21/02, the date on which the judgment became final within the meaning of § 2244(d)(1)(A). See Hemmerle v. Schriro, 495

---

[6] Rule 8.264 is the former rule 24.

[7] Respondent notes that rule 28 was renumbered as rule 8.500. MTD, p. 3.

F.3d 1069, 1074 (9th Cir. 2007) (where petitioner failed to file a petition for review in the state supreme court, his direct appeal became final on the date the time for seeking review in that court expired). Thus, on 3/22/02, one day after the decision on direct review became final, the one-year statute of limitations began to run and expired on 3/21/03. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Three pro se state post-conviction challenges were later filed, for which respondent has properly provided petitioner the benefit of the mailbox rule in its motion, citing Fed. R. Civ. 3(d) of the Federal Rules Governing Section 2254 Cases. MTD, p. 2, footnotes 1 & 2. The first state court habeas petition was filed in Amador County Superior Court on 5/17/07, and denied by order dated 7/31/07. MTD, p. 2, Lod. Docs. 4 & 5. The second state court habeas petition was filed in the California Third District Court of Appeal on 9/28/07, and denied on 10/11/07, with a citation to In re Clark, 5 Cal.4th 750, 782-783, 797 (1993). MTD, p. 2, Lod. Docs. 6 & 7. Petitioner filed a petition in the California Supreme Court on 11/12/07,[8] which was denied on 3/19/08, with citation to In re: Robbins, 18 Cal.4th 770, 780[, 77 Cal. Rptr.2d 153] (1998). MTD, p. 2, Lod. Docs. 8 & 9. As noted, the instant federal petition was filed on 5/28/08.

28 U.S.C. § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitation period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Thus, unless any tolling is applicable, respondent is correct that the instant petition is untimely by more than five years. MTD, p. 4.

Moreover, as respondent observes, the second and third state habeas petitions were explicitly found untimely by the respective citations to In re Clark, 5 Cal.4th 750, 782-783,

---

[8] Confusingly, petitioner also apparently appended a proof of service of the state supreme court habeas petition dated 11/10/07.

4

797[, 21 Cal. Rptr.2d 509] (1993), and In re: Robbins, 18 Cal.4th 770, 780[, 77 Cal. Rptr.2d 153] (1998). MTD, p. 4. As the Supreme Court has made clear: "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414, 12 S. Ct. 1807, 1812 (2005). In Pace, the High Court held "that time limits, no matter their form, are 'filing' conditions," finding a state court's rejection of a habeas petition as untimely to signify "that it was not 'properly filed,'" and therefore petitioner therein was "not entitled to statutory tolling under § 2244(d)(2)." Id., at 417, 125 S. Ct. at 1814. Respondent cites to Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), and Thorson v. Palmer, 479 F.3d 643 (9th Cir. 2007). MTD, p. 4. In Bonner, supra, the Ninth Circuit notes that after Pace, no matter the form of time limits, they are filing conditions for AEDPA purposes and that dismissal of a petition as untimely means that the petition was not "properly filed" under AEDPA. In Thorson, supra, at 645, the Ninth Circuit determined "that the California Supreme Court's citation to Robbins was a clear ruling that Thorson's petition was untimely."[9] Petitioner, thus, is not entitled to any statutory tolling on the face of it for the more than five-year period that elapsed between 3/21/03, to the filing of the instant petition on 5/28/08, and the only question that remains is whether he is entitled to equitable tolling.

*Equitable Tolling Standard*

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition).

---

[9] The Ninth Circuit in Thorson, supra, at 645, observes that "the very page of Robbins" cited in the state supreme court's summary order, "sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings. *See Robbins*, 18 Cal.4th at 780, 77 Cal.Rptr.2d 153, 959 P.2d 311." This is the precise page cited as well in the state supreme court's summary denial of the instant petitioner's petition to the California Supreme Court.

1  "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*
2  circumstances beyond a prisoner's control make it impossible to file a petition on time."
3  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A
4  petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest
5  the exceptions swallow the rule."  Id.  The Ninth Circuit has held that claims of ignorance of the
6  law and illiteracy do not constitute such extraordinary circumstances and are insufficient to
7  justify equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also
8  Hughes v. Idaho State Bd. Of Corrections, supra, 800 F.2d 905, 909 (9th Cir. 1986) (pro se
9  prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish
10 cause).

11          Too much of the focus of petitioner's opposition, as respondent notes in the reply,
12 is on the merits of petitioner's claims.  For example, petitioner discusses his mental state before
13 and during the time that the crime to which he pled guilty took place, averring that a Mule Creek
14 State Prison psychologist had found him to be suffering from various mental disorders and to be
15 suicidal due to MCSP's failure to prescribe psychotropic medications, requiring that he be placed
16 in a "mental health crisis bed," and that while it was when he was on suicide watch and suffering
17 from mental illness that property was damaged.  Opp., pp. 2-3.  Petitioner's argument that his
18 plea was not voluntary because he was mentally ill and did not have a competency hearing before
19 making his plea does not address the question of timeliness of this petition; nor are his
20 contentions regarding a Brady, supra, violation and violations of his rights under the Fifth and
21 Sixth Amendments useful for purposes of adjudicating this motion.  Opp., pp. 8-23.

22          When petitioner does speak to the timeliness issue, he shows some confusion as to
23 the requirements of AEDPA.  Petitioner does not appear to contest that his conviction became
24 final on 3/21/03, but expresses some doubt as to whether he, himself, withdrew his direct appeal.
25 Opposition (Opp.), p. 24.  However, the record demonstrates that petitioner's appellate counsel
26 moved for dismissal of the direct appeal, in a motion accompanied by a declaration signed by

1 petitioner, indicating under penalty of perjury, that petitioner agreed with his counsel that it
2 would be in his best interests to dismiss or abandon the appeal.  See respondent's Lod. Doc. 2.
3 Petitioner contends that after his counsel moved for a dismissal of his appeal in March of 2002,
4 petitioner, on 12/02/02, after months of communicating with the San Diego County Human
5 Health Services Agency, filed a petition for his records with the San Diego County Superior
6 Court.  Opp., p. 3.  Petitioner appears to have attached, among his unauthenticated exhibits,
7 documents in support of his efforts to obtain his juvenile records from the court, as well as
8 proceedings and adjudication arising therefrom, which appears to support, on the face of it,
9 petitioner's contention that he never received the documents until on or around November of
10 2005.  Opp., p. 4, Attachment C, pp. 13-31.  Petitioner then contends that he embarked, on
11 2/26/06, the exhaustion of administrative remedies, which he states were finally exhausted on
12 3/19/07; filed a complaint on 9/26/06 against his public defender with the state bar; he confirms
13 that his initial state court habeas petition was not filed until May of 2007.  Opp., p. 4.

14          The Ninth Circuit found the requisite extraordinary circumstances for equitable
15 tolling in Calderon v. U.S. Dist. Ct. For Cent. Dist. Of Ca. (Kelly), 163 F.3d 530 (9th Cir. 1998)
16 (en banc).  The three reasons given which independently justified tolling were: a district court
17 stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency
18 until a reasonable time after the court makes a competency determination, and the fact that
19 petitioner did at one time have timely habeas proceedings pending which were mistakenly
20 dismissed, not as a result of any doing by petitioner.  Id. at 541-42.  See also Corjasso v. Ayers,
21 278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling);
22 Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (delay by prison in withdrawing funds from
23 prisoner's trust account, preparing and mailing filing fee were circumstances beyond his control,
24 qualifying him for equitable tolling); Stillman v. Lamarque, 319 F.3d 1199, 1202-03 (9th Cir.
25 2003) (equitable tolling permitted where litigation coordinator broke a promise to petitioner's
26 counsel to return a signed petition for timely filing); Spitsyn v. Moore, 345 F.3d 796 (9th Cir.

2003) (sufficiently egregious misconduct by counsel, such as wholly deficient performance, may justify equitable tolling). In U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11(C.D. Cal. 1997), the court found that a petitioner's circumstances were not extraordinary in the following circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns preventing the prisoner's access to the library and a typewriter which were necessary to his motion. See also Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of limitations period "and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling"); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll statute).

Petitioner believes, wrongly, that he is entitled to gap tolling. Opp., p. 24. He states that he could not have proceeded to file a state habeas petition until he received his juvenile records which contained his mental health records, over which petitioner states he had no control. Id., at 25-27. Even assuming petitioner could make a case for equitable tolling based on the lack of accessibility to his records, this does not explain, as respondent points out, why petitioner waited eighteen months to initiate his first state court habeas petition. Reply, p. 3, citing Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002) (not entitled to equitable tolling where petitioner had "no compelling need" for hearing transcript and "dawdled for nearly two months after receiving it before" filing his petition). As noted above, ignorance of, or lack of familiarity with the law, and in this case a misapprehension that he somehow needed to exhaust administrative remedies before initiating the filing of his state court habeas petition does not constitute a basis for equitable tolling. See, e.g., Raspberry v. Garcia, supra, at 1154; see also Hughes v. Idaho State Bd. Of Corrections, supra, at 909.

Petitioner's perceived need for his juvenile court record or mental health history is analogous to a request for equitable tolling based on delayed receipt of trial transcripts for which

1  has been denied.  The Eighth Circuit found that petitioner Gassler's transcripts, delayed by six

2  months, were not a precondition to filing a habeas petition and noted that petitioner had waited

3  an additional five months before filing the petition.  Reply, p. 3, citing Gassler v. Bruton, 255

4  F.3d 492, 494-495 (8th Cir. 2001); see also, Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001).

5  　　　　　Petitioner complains of never having been granted an evidentiary hearing in the

6  state courts and seeks one in this court; however, his request for such a hearing is focused on the

7  merits of his application; he does not seek one for the purpose of demonstrating a basis for

8  equitable tolling.  Although petitioner avers, inter alia, that mental illness rendered him

9  incompetent to make a voluntary plea, he makes no claim for equitable tolling for the period

10  pertinent to the limitations issue due to mental impairment or incompetence; thus, an evidentiary

11  hearing is not warranted.

12  　　　　　Petitioner does not meet the very high requisite threshold to warrant equitable

13  tolling, particularly for such an extended period of time, more than five years.  The court will

14  grant respondent's motion and this case will be dismissed with prejudice.

15  　　　　　Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss,

16  filed on 7/24/08 (docket # 13), is granted, and this case is dismissed with prejudice as untimely.

17  DATED: 02/26/09

　　　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

20  GGH:009
   huds1302.mtd